122 F.3d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Adrienne WILLIAMS, Plaintiff-Appellant,
v.
John J. CALLAHAN, Acting Commissiner of the Social Security
Administration, Defendant-Appellee.
 No. 96-35697.
 United States Court of Appeals, Ninth Circuit.
 Argued** and submitted*** July
11, 1997.
Decided Aug. 21, 1997.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, Chief District Judge, Presiding
 Before: FERGUSON, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Adrienne Williams appeals the district court's order affirming the ALJ's denial of disability benefits. The ALJ concluded that severe back and leg pain combined with depression did not prevent her from working in her past job. We reverse and remand for an award of disability benefits.
 
 I.
 
 3
 In determining whether to award benefits the ALJ must engage in a five-step inquiry. 20 C.F.R. § 404.1520. In this case, we are concerned about Step Three in which the ALJ assessed whether an impairment or combination of impairments was debilitating enough to prevent Williams from working. If Williams impairment or combination of impairments meets or equals a listed impairment, then an award of benefits is warranted. Lester v. Chater, 81 F.3d 821, 834 (1995). Because there is no question that Williams was disabled by her severe depression and chronic pain syndrome at the time the ALJ made his determination, the issue is the onset date of her disability.
 
 
 4
 Williams testified that after her most recent injury and before her date last insured she was so depressed she often cried uncontrollably, she had ceased socializing, and she was in terrible pain due to injuries to her back and leg. The medical evidence in the record confirms this. While the ALJ did seek the assistance of a medical expert, the expert did not properly consider the evidence in the record that Williams was depressed prior to her date last insured and failed to give weight to the fact that she sought treatment for debilitating depression only eight days after the expiration of her insured status. In Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir.1996), we observed that claimants with mental health concerns often do not seek help at the first sign of a problem "but it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." Id. at 1465 (quoting Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir.1989). Moreover, the ALJ failed to consider the evidence in the record that depression colored Williams' perceptions of her pain and injury. Had that evidence been credited, and the ALJ suggests no reason why it should not have been, Williams would unquestionably have been entitled to benefits. We therefore hold that Williams' combination of impairments rendered her disabled within the meaning of the regulations.
 
 
 5
 Because the ALJ erred in finding that Williams was not disabled, we remand for an award of benefits. See Lester, 81 F.3d at 834 (remanding for an award of benefits when ALJ failed to properly consider testimony of claimant and treating physician).
 
 EVERSED AND REMANDED
 
 6
 RYMER, Circuit Judge, concurring in part and dissenting in part:
 
 
 7
 As I believe the ALJ gave legitimate reasons grounded in the record for concluding that Williams was not seriously and untreatably depressed in the covered period, I would not remand for an award of benefits. I would, however, remand for further proceedings because the ALJ erred at step four, 20 C.F.R. § 404.1520(e), by relying on testimony of the vocational expert that mischaracterized Williams's job at the 7-11.
 
 
 
 **
 Williams' case was argued by her attorney. The appellee Social Security Administration submitted their case without oral argument
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3